UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LLOYD HUMPHREY | * | |
| VERSUS | * | CIVIL ACTION NO. 20-817-JWD-RLB |
| TIDEWATER GOM, INC., TIDEWATER, INC. and TIDEWATER MARINE, LLC | * * | IN ADMIRALTY/RULE 9(h) |

\*   \*   \*   \*   \*   \*   \*

## SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes LLOYD HUMPHREY, a person of full age of majority, a citizen of the State of Louisiana residing in the Parish of St. Mary, and for his Amended Complaint, he respectfully avers as follows:

1.

This Court has jurisdiction in admiralty pursuant to 28 U.S.C. 1333. The plaintiff hereby designates his claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Made defendants herein are:

1. TIDEWATER GOM, INC., on information and belief, a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, the owner of M/V TERRELL TIDE and/or the employer of persons who caused and/or contributed to plaintiff's accident thereon.

2. TIDEWATER INC., on information and belief, a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all

times herein, the owner of M/V TERRELL TIDE and/or the employer of persons who caused and/or contributed to plaintiff's accident thereon.

3. TIDEWATER MARINE, LLC, on information and belief, a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, the owner of M/V TERRELL TIDE and/or the employer of persons who caused and/or contributed to plaintiff's accident thereon.

## **FIRST CAUSE OF ACTION**

3.

The defendants are liable unto the plaintiff pursuant to the General Maritime Law of the United States of America, and/or in the alternative, under the provisions of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. 901, et seq., particularly Section 905(b), and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution, for the following reasons:

4.

On or about December 20, 2019, plaintiff was employed by third-party, The Modern Group/PMI, aboard the M/V TERRELL TIDE, a vessel owned and/or operated by the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. On that date, plaintiff was performing his assigned duties aboard the vessel. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or their agents or employee, and/or the vessel, plaintiff was caused to sustain severe and disabling injuries when he struck by the discharge of a hose and knocked to the deck of the vessel.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the negligence and/or failure of the defendant and its vessel, and its employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Failure to properly maintain and repair the vessel and its equipment;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to provide competent and adequate supervisory authority;

8. Hiring untrained and unskilled employees;

9. Failure to properly train employee or other for whom the defendants are responsible;

10. Negligent acts committed by employees of the defendants and/or others for whose negligent acts the defendants are responsible under the theory of *respondeat superior*;

11. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

12. Other acts of negligence, breach of duties, and other actions and/or inactions on the part of defendant to be proven at the trial of this case.

6

Solely by reason of the negligence of the defendants, their employees, agents and/or other for whom they are legally responsible, and/or the vessel, breach of duties and other actions and/or

inactions described herein, plaintiff sustained serious injuries including but not limited to the following: ruptured herniated discs and/or nerve damage, injury to head, neck and eyes, as well as other injuries to his bones, muscles and joints, organs and tissues. As a result thereof, plaintiff has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a result of the aforesaid negligence, breach of duties, and other actions and/or inactions on the part of the defendants their employees, agents and/or other for whom they are legally responsible, and/or the vessel, plaintiff has suffered injuries and damages for which the defendants are liable unto him, together with legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

**WHEREFORE**, LLOYD HUMPHREY prays that his Amended Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein, there judgment in favor of the plaintiff, LLOYD HUMPHREY, and against defendants, TIDEWATER GOM, INC., TIDEWATER,INC. and TIDEWATER MARINE, LLC, in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorney's fees, and all costs; and for any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:

 s/ David C. Whitmore
DAVID C. WHITMORE (17864)
KRISTI A. POST  (17752)
LAWRENCE BLAKE JONES  (7495)
BLAKE JONES LAW FIRM, LLC
701 Poydras St., Suite 4100
New Orleans, Louisiana  70139

Telephone: (504) 525-4361
Facsimile: (504) 525-4380
dcw@nola-law.com
kpost@nola-law.com
jones@nola-law.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 24th day of May, 2021, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record that have elected e-notification by operation of the court's electronic filing system. I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record who are non-CM/ECF participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

 s/ David C. Whitmore