UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LLOYD HUMPHREY                                                            CIVIL ACTION

VERSUS                                                                              NO. 20-817-JWD-RLB

TIDEWATER GOM, INC., ET AL.

**ORDER**

Before the Court is Plaintiff's Motion to Quash Subpoena and/or Alternatively, Motion for Protective Order ("Motion for Protective Order") filed on February 16, 2022. (R. Doc. 25).

Also before the Court is Plaintiff's Motion for Expedited Hearing. (R. Doc. 26).

This is a personal injury action brought under general maritime law. (R. Doc. 1). Lloyd Humphrey ("Plaintiff") alleges that while working aboard a vessel owned and/or operated by the Defendants, Plaintiff suffered injuries when he was struck by the discharge of a hose and knocked to the deck of the vessel .(R. Doc. 1 at 2).

The Court set the deadline to complete non-expert discovery on December 15, 2021. (R. Doc. 16). The parties then filed a joint motion seeking extensions of various deadlines, including the deadline to complete non-expert discovery. (R. Doc. 21). As requested by the parties, the Court reset the deadline to complete non-expert discovery to February 15, 2022. (R. Doc. 23). That deadline has expired without the parties seeking any additional extensions.

On February 15, 2022, defense counsel issued a Rule 45 subpoena to obtain certain information from Capital Plus Financial, LLC, which is located in Bedford, Texas. (R. Doc. 25-2). The subpoena seeks the production of documents of "any and all banking records" held by the institution regarding Plaintiff. (R. Doc. 25-2 at 3). The subpoena seeks compliance on March 15, 2022, in New Orleans, Louisiana. (R. Doc. 25-2 at 1). It is unclear whether the subpoena has been served. (*See* R. Doc. 25-2 at 2).

On February 16, 2022, Plaintiff filed the instant Motion for Protective Order (R. Doc. 23) and Motion for Expedited Hearing (R. Doc. 26). Plaintiff seeks an order precluding the foregoing third-party discovery on the basis that the "records sought by the defendants are irrelevant and a complete invasion of plaintiff's privacy." (R. Doc. 25-1 at 2).

Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that. . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

The Court finds it appropriate to issue a protective order and quash the instant subpoena because it violates the February 15, 2022 discovery deadline. The subpoena was issued on the very deadline to complete discovery and seeks compliance one month after the close of discovery. This Court's local rules provide that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). Accordingly, a request for discovery from a party "must be served at least thirty days prior to the completion of discovery" to be considered timely. *See Hall v. State of Louisiana*, No. 12-657, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014) (citations omitted) (discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests). The instant subpoena is facially deficient because it seeks discovery beyond the Court's deadline to complete discovery.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Expedited Hearing (R. Doc. 26) is **GRANTED** to the extent it seeks expedited consideration.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (R. Doc. 25) is **GRANTED.** Defendants' subpoena to Capital Plus Financial, LLC (R. Doc. 25-2) is **QUASHED.**

**IT IS FURTHER ORDERED** that the parties shall immediately provide a copy of this Order to Capital Plus Financial, LLC.

Signed in Baton Rouge, Louisiana, on February 17, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**